L. A. HODGE V. THE STATE.

No. 20889. Delivered March 6, 1940.
On Motion for Certiorari April 24, 1940.
On Motion to Reinstate Appeal May 22, 1940.
On Motion for Rehearing June 28, 1940.

The opinion states the case.

*M. E. Gates,* of Huntsville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is possessing whisky in a dry area for the purpose of sale; the punishment, a fine of $300.00.

The caption fails to show the date of the adjournment of court at which appellant was tried. Under the circumstances, the appeal must be dismissed.

The appeal is dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR CERTIORARI.

GRAVES, Judge.

This cause has been heretofore dismissed because of a defective caption in that said caption does not show the date of adjournment of the term of court at which appellant was tried.

We are now asked to issue our writ of certiorari directing the county clerk of Walker County, Texas, to prepare a supplement transcript showing such date.

The motion for the issuance of such writ is granted, and the clerk of this court is directed to issue such a writ requiring the county clerk of Walker County, Texas, to prepare his supplemental transcript showing the date of the convening and the date of adjournment of the term of the county court of that county at which appellant, L. A. Hodge, was tried, and transmit the same to this court.

## ON APPELLANT'S MOTION TO REINSTATE THE APPEAL.

CHRISTIAN, Judge.

The record having been perfected, the appeal is reinstated and the case considered on its merits.

Appellant did not testify and introduced no witnesses.

Appellant was observed by officers driving his car at an excessive rate of speed. After the car stopped the officers observed "something in the front seat." Appellant attempted to cover it up with his overcoat. One of the officers opened the door of the car and appellant got out. The officers then observed four or five pints of whisky in the car.

The complaint and information are deemed sufficient. No bills of exception are brought forward.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

On March 6, 1940, the appeal was dismissed because of a defective caption in the transcript. On April 24th, 1940, at

the instance of appellant a writ of certiorari was granted to the end that such defect be remedied. It was corrected by supplemental transcript, and on May 22, 1940, the appeal was reinstated and the judgment affirmed.

Had appellant desired to file a motion for rehearing he had 15 days from said date to do so. Not until June 13, 1940, was such motion received by the Clerk of this court, which was long after the expiration of the 15 days. Under such circumstances the motion may not be considered. Branch's Ann. Tex. P. C., Sec. 605, and cases cited. 4 Tex. Jur. page 510, Sec. 357, and cases there cited.

The motion is ordered stricken from the docket.